IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FAYSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 8312 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| PAULETTE TIMM, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

In this lawsuit brought under 42 U.S.C. § 1983, plaintiff – who at all relevant times has been incarcerated at Stateville Correctional Center, a facility within the Illinois Department of Corrections ("IDOC") – asserts claims that the defendants all were deliberately indifferent to his serious medical needs in connection with the diagnosis and treatment of a brain tumor. In his second amended complaint, plaintiff asserts that he has exhausted the prison's formal grievance process, and attaches two exhibits to support that assertion (*see* Second Am. Compl. ¶¶ 34-35 and Exs. A-B). Defendants have filed a motion to dismiss plaintiff's second amended complaint (doc. # 49), asserting two grounds for dismissal: *first*, that plaintiff's initial grievance was untimely; and *second*, that even assuming the grievance process was timely initiated, it was never exhausted as of the time plaintiff filed suit. For the reasons set forth below, we conclude that the timeliness argument has been waived, but that the grievance process has not been concluded. Accordingly, for this latter reason, the Court grants defendants' motion to dismiss due to plaintiff's failure to exhaust his administrative remedies.

---

[1]Pursuant to consent of all the parties (doc. # 72) and 28 U.S.C. § 636(c), on September 23, 2005, the case was reassigned to this Court to conduct all proceedings and to enter final judgment.

# I.

Defendants assert that plaintiff's initial grievance "was not timely filed pursuant to ILL. ADMIN. CODE TIT. 20 § 504.810 (2005), as it was filed more than 60 days after the dates of the incidents giving rise to the plaintiff's grievance" – 277 days after he had brain surgery for a brain tumor, or March 31, 2003 (Defs.' Mot., ¶¶ 4-5). In response, plaintiff argues that "[s]tate officials did not reject Mr. Faysom's grievance as untimely. Each part of the grievance process, . . . establishes a denial of Mr. Faysom's grievance on its merits" (Pl.'s Resp., at 10).

The Illinois Administrative Code states in relevant part: "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. However, if an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered." ILL. ADMIN. CODE TIT. 20 § 504.810 (2005).

The Seventh Circuit has held that under 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust administrative remedies prior to filing suit. The Seventh Circuit has held that "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, on the issue of timeliness, "when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). In other words, if the state administrative system denies a grievance on the merits, rather than because it was too late, then the court presumes that the state has waived the procedural default for good cause and treated the grievance as timely.

Accepting plaintiff's allegations as true, as we must do when considering a motion to dismiss, *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004), on January 13, 2004, plaintiff "began a formal grievance process with Stateville Corrections Center prison officials regarding his past and present [medical] condition and treatment" between 2001 and March 2003 (Second Am. Compl., ¶ 34). A copy of plaintiff's initial grievance is attached to his complaint as Exhibit A. In this grievance, there is a "Counselor's Response" dated January 21, 2004 (Ex. A, p.1), and a determination by a grievance officer, who denied the grievance requests for transfer and monetary compensation on March 15, 2004 (*Id.*, p.2). There is also a concurring response from the Chief Administrative Officer, dated March 17, 2004 (*Id.*), and, finally, plaintiff's "appeal to the director" dated April 1, 2004 (*Id.*).

Under FED.R.CIV.P. 10(c), documents attached to the complaint are incorporated into the complaint by reference "if they are referred to in the plaintiff's complaint and are *central* to his claim." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (emphasis in original) (quoting *Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)); *see also Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005). Here, the grievance exhibits are attached to the complaint and referred to in it (*see* Second Am. Compl. ¶ 34, Ex. A), and are central to plaintiff's claim of administrative exhaustion. Thus, we treat the grievance exhibits as part of the complaint. The grievance exhibits show that the state administrative system ruled on the merits of plaintiff's initial grievance, rather than standing by the 60-day rule. Therefore, under the holdings of *Riccardo* and *Pozo*, this Court finds that defendants' timeliness argument has been waived.[2]

---

[2]As we explain below, the grievance process never was completed because the Administrative Review Board never made a determination of plaintiff's final administrative appeal. Defendants seize on this point to argue that if the Board made a determination, it might have declined to reach the merits and might simply have denied the grievance as

3

**II.**

Defendants stand on much firmer footing with their exhaustion argument. Although plaintiff has pled that he exhausted all administrative remedies, the Seventh Circuit has observed that a plaintiff may "plead himself out of court" by including allegations that defeat his claim. *Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753-754 (7th Cir. 2002). That is just what plaintiff did here when he attached the grievance exhibit (Second Am. Compl., Ex. B) that shows the Administrative Review Board ("ARB") did not decide his final administrative appeal. Plaintiff's appeal to the ARB indicates that it was "received" by the ARB on April 15, 2004, reviewed, and returned to plaintiff with a request for "additional information." In particular, the ARB asked plaintiff to clarify whether he was grieving his medical case, stating that he could not transfer due to a medical hold. The ARB asked that, if plaintiff was grieving his medical case, he "be more specific" and provide a copy of his grievance and his grievance report.

We agree that this ARB document, which we treat as part of the complaint, *see Levenstein*, 164 F.3d at 347, makes it clear that the ARB had made no final decision as of the time plaintiff filed this suit. The ARB's request checks a box with an address to which plaintiff was directed to send the requested documents, states that the ARB was "[u]nable to determine nature of grievance," and asked plaintiff in handwriting to "be more specific and get" the requested documents: specifically, the "Committed Person's Grievance Report, DOC 0047" and "the Committed Person's Grievance, DOC 0046." No reasonable person could construe the ARB document as anything other than a

---

untimely (Defs.' Reply at 4). We do not find this argument tenable in light of the fact that the Board's initial response to the appeal was to request information: not to dismiss the grievance as untimely, which it could have done without seeking more information. Moreover, defendants have offered no explanation for why the Board would have ruled on the timeliness ground when neither the Grievance Officer or the Chief Administrative Office did so at the initial levels of review.

request for additional information. The arguments plaintiff offers to avoid this conclusion are unavailing.

*First*, plaintiff argues that the ARB made a final determination of plaintiff's grievance seeking a transfer by saying that it was unavailable (Pl.'s Resp. at 14). However, the ARB inquiry indicates that the ARB was unclear whether plaintiff was appealing the transfer denial. The ARB's comment may have been calculated to discourage an appeal of that point, but in the absence of clarification by plaintiff, we decline to treat that comment as a ruling. What is more, even construing the ARB's comment as plaintiff asks us to do, at most that was a denial of a transfer request; it was not a denial of a medical case grievance. And, the only issue pled in this suit is in connection with plaintiff's medical care.

*Second*, plaintiff argues that his actions were sufficient to "alert[] the state" to his grievance and to "invite[] corrective action," and thus should be considered sufficient to satisfy the exhaustion requirement (Pl.'s Resp. at 13, 14). However, accepting plaintiff's argument would transform the requirement of full exhaustion into one of partial exhaustion. We are not permitted to rewrite the PLRA in that fashion. *See Lewis v. Washington*, 300 F.3d 829, 833-34 (7th Cir. 2002) (rejecting argument that the exhaustion requirement is met by "substantial compliance").

Plaintiff's failure to exhaust his administrative remedies requires dismissal under Section 1997e(a) of the PLRA; but, the dismissal is without prejudice. *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532 (7th Cir. 1999); *Ford v. Johnson*, 362 F.3d 395, 398, 401 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation";"*all* dismissals under § 1997e(a) should be without prejudice"). The fact that our dismissal is without prejudice is significant for two reasons. *First*, plaintiff can seek a final decision from the ARB, and then, if unsatisfied, can refile his lawsuit in

5

federal court. *Second*, if plaintiff cannot obtain a final decision from the ARB, he can then refile his lawsuit alleging that his failure to exhaust should be excused under the "futility" doctrine. On this second point, the Seventh Circuit has held that the exhaustion requirement is satisfied if a prisoner can show that administrative remedies were not "available" because prison officials failed to respond to the prisoner's grievance; in other words, prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances." *Lewis*, 300 F.3d at 833.

Finally, we note that prior to the 2003 amendment of ILL.ADMIN.CODE TIT. 20, § 504.850 (2005), the Code delineated time limits for the ARB to submit to the Director a written report of its findings and recommendation (*i.e.*, 60 days), and for the Director to review those findings and make a final determination (*i.e.*, 15 days). *See, e.g., Goodman v. Carter*, 2001 U.S. Dist. LEXIS 9213, No. 00 C 948, 2001 WL 755137, at * 3 (N.D. Ill. July 2, 2001) (finding administrative remedies exhausted because IDOC officials did not respond to grievance within time frame set forth in § 504.850(d)). Now, the Code simply states that the ARB must make a final determination within six months "where reasonably feasible under the circumstances." *Id.*, § 504.850(f). Without a specific statutory time limit in place, the legal determination of what the phrase "indefinite delay" – as used by the Seventh Circuit in *Lewis* – is not subject to a precise formula. In any event, this Court has no occasion to rule on that question on the present state of the record.[3]

---

[3] We further note that the grievance exhibits raise questions that have not been answered. For example, the ARB request to plaintiff for information is dated March 14 or 19, 2004 (the legibility of the handwriting makes the precise date uncertain) – which cannot be right, since the appeal was not received by the ARB until April 15, 2004. Defendant's motion simply states that the date of the request was May 14, 2004 (Defs.' Motion at ¶ 7), without explaining the basis for that "correction." In addition, we are puzzled about the ARB's request for the grievance and grievance report (Sec. Am. Compl., Ex. B), when the copies of those documents attached to the complaint bear a stamp stating "RECEIVED April 15, 2004, OFFICE OF INMATE ISSUES" (*Id.*, Ex. A). That stamp suggests that these documents were in the possession of at least some department of IDOC, and thus available to the ARB as of the date it received the grievance appeal. We do not pass on the significance *vel non* of these points, but only offer them for consideration of the parties as plaintiff seeks to obtain a final determination of the ARB.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to dismiss (doc. # 49-1), and dismisses plaintiff's second amended complaint without prejudice.

ENTER:

/s/ Sidney I. Schenkier
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: November 9, 2005